OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
The subject of this appeal is the interpretation of the word “retire” within the agreement being sued upon. Webster’s Third New International Dictionary defines “retire” as “to withdraw *521 from office, public station, business, occupation or active duty.” In our view, it cannot be reasonably argued that the word “retire” in the defendant’s agreement, in the paragraph regarding retroactive salaries, means that the person must be receiving New York State retirement benefits. Additionally, it is clear from reading the agreement as a whole that the defendant did not intend the word “retire” to mean receiving New York State retirement benefits since, in the paragraph of the agreement relating to health insurance benefits, the defendant lists as separate and distinct requirements: being retired, receiving New York State retirement benefits and having retirement service credit years. Therefore, the defendant did not intend the term “retire” to be synonymous with “receiving New York State retirement benefits.”
Inasmuch as the agreement is clear and unambiguous, no extrinsic evidence should be considered. Absent a definition of a term in a contract, its plain and ordinary meaning should be used (W.W.W. Assocs. v Giancontieri, 77 NY2d 157). Therefore, the term retired under the agreement as applied to plaintiff should be construed as leaving his career with the Dutchess County Sheriffs Department and not as receiving New York State retirement benefits as the defendant argues. Since the plaintiff left his career after 23 years of service and was issued a “Certificate of Retirement” from the Dutchess County Sheriffs Department, it is clear he retired and therefore is entitled to his retroactive salary as provided under the agreement.
Floyd, P. J., Colabella and Coppola, JJ., concur.